**REBEKAH PARKER SBN 143674**
4225-H Oceanside Boulevard #369
Oceanside CA, 92056-3472
Telephone No. (213) 687-1145

Counsel for John LaCorte and
Better World JL Institute
Defendants and Unsecured Creditors

### United States Bankruptcy Court
### Central District of California
### San Fernando Valley Division

|  |  |
|---|---|
| In re MOHAMMAD REZA SAHRANAVARD, | ) Case No. 1:10-bk-11390-MT |
| Debtor. | ) Chapter 7 |
|  | ) Adv. No. |
|  | ) |
| HAMID SAHRANAVARD, HAMID SAHRANAVARD dba H&M TRADING. | ) **NOTICE OF REMOVAL AND NOTICE OF** |
|  | ) **INTENT TO SEEK JOINT** |
|  | ) **ADMINISTRATION OR CONSOLIDATION** |
|  | ) **WITH ADVERSARY Adv. No.** |
|  | ) **1:15-ap-01128-MT** |
| Plaintiff. | ) |
|  | ) |
| v. | ) **REMOVED FROM:** |
|  | ) *California State Superior Court* |
| BETTER WORLD INSTITUTE aka BETTER WORLD JL INSTITUTE, ITALIAN HISTORICAL SOCIETY OF AMERICA, JOHN J. LACORTE, FRANK SORRENTION, AND Does 1 through 100, Inclusive. | ) *County of Los Angeles* |
|  | ) *Central District* |
|  | ) *Judge: Hon. RITA MILLER* |
|  | ) *Dept.: 16* |
|  | ) **SUPERIOR COURT CASE NO:** |
|  | ) *Case NO. BC 562307* |
|  | ) |
|  | ) |
|  | ) |
|  | ) |

**[CLERK TO SET STATUS CONFERENCE]**

**TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT** pursuant to 28 U.S.C. §§ 1334, 1446 and 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure, Defendants John LaCorte and Defendant Better World JL Institute, undisputed creditors of this estate, and Plaintiffs in Adversary Number 1:15-ap-01128-MT *(herein, "Creditors LaCorte and Better World")*, hereby remove the above-captioned civil action, and all claims and causes of action therein, from the California Superior Court for the County of Los Angeles Central District to the United States Bankruptcy Court for the Central District of California San Fernando Division.  A copy of the Notice of Removal filed with the California Superior Court is attached hereto as Exhibit 1.

**NOTICE IS FURTHER GIVEN THAT** Creditors LaCorte and Better World will be filing an *Ex Parte Application*, to be heard without a hearing, requesting that the First Status Conference on this removed action be heard on May 25, 2016, at 1:00 P.M., concurrently with the continued Status Conference already set in Adversary Number 1:15-ap-01128-MT.

**NOTICE IS FURTHER GIVEN THAT**, at the proposed May 25, 2016, 1:00 p.m. Status Conference, through a duly noticed motion to be filed and heard on regular notice, Creditors LaCorte and Better World will ask the Court to either jointly administer or consolidate

all hearings on this removed action with Adversary Number

1:15-ap-01128-MT, both in the interest of judicial economy and as an

accommodation to the Chapter 7 Trustee in the above captioned case.

   **NOTICE IS FURTHER GIVEN THAT**, in conjunction with the *Ex Parte*

*Application* requesting that the First Status Conference on this

removed action be heard on May 25, 2016, at 1:00 P.M., concurrently

with continued Status Conference already set in Adversary Number

1:15-ap-01128-MT, Creditors LaCorte and Better World will ask the

Court to extend all deadlines, set by local rule, in connection with

and pertaining to (a) deadlines set for the hearing of a first

status conference on the removed action; and (b) the deadline for

Plaintiff in the removed action, Hamid Sahranavard, to file a Motion

for Abstention or Remand, for the express purpose of having any

hearing on said Motion for Abstention or Remand heard concurrently

with the aforementioned proposed Motion for Consolidation and Joint

Administration.  These motions will present common issues of fact

and law such that the interests of judicial economy and judicial

efficiencies will be served by having these matters heard on the

same calendar.

   March 21, 2016,

*Rebekah Parker*

Rebekah Parker,
Attorney for Plaintiffs and Creditors
John LaCorte and Better World JL Institute

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 4225-H Oceanside Boulevard #369, Oceanside CA, 92056-3472

A true and correct copy of the foregoing document described **NOTICE OF REMOVAL AND NOTICE OF INTENT TO SEEK JOINT ADMINISTRATION OR CONSOLIDATION WITH ADVERSARY Adv. No. 1:15−ap−01128−MT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 21, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| Brad D Krasnoff | mcdaniel@lbbslaw.com,bkrasnoff@ecf.epiqsystems.com |
| Cynthia R Allman | bkdepartment@rtresolutions.com |
| Gilbert B Weisman | notices@becket-lee.com |
| John H Kim | jkim@cookseylaw.com |
| Paul M Brent | snb300@aol.com |
| R G Pagter | gibson@pagterandmiller.com,pandm@pagterandmiller.com;pagterandmiller@yahoo.com |
| R G Pagter | gibson@pagterandmiller.com,pandm@pagterandmiller.com;pagterandmiller@yahoo.com |
| S Blair Korschum | ecfnotices@ascensioncapitalgroup.com |
| Scott  Lee | slee@lbbslaw.com |
| U.S. Trustee | ustpregion16.wh.ecf@usdoj.gov |
| Rebekah Parker | rebekahlenparker@aol.com |
| John Felton | jfelton@greenbass.com |

II.    **SERVED BY U.S. MAIL OR  OVERNIGHT MAIL:**   On March 21, 2016, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Mandana Vasseghi | Judge Maureen A. Tighe |
| Law Office of Donna Vasseghi | U.S. Bankruptcy Court |
| 16133 Ventura Boulevard, 7th Floor | 21041 Burbank Boulevard, |
| Encino, CA 91436 | Suite 324 - Courtroom 302 |
| Telephone No. 818-995-9174 | Woodland Hills, CA 91367 |
| Telephone No. 818-465-4379 | Telephone No. (818) 587-2806 |

Mohammad Reza Sahranavard
3409 Camino De La Cumbre
Sherman Oaks, CA 91423

**II. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 21, 2016, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| MARTIN S. RUDOY | SHERRY ANNE LEAR | GARY J. GORHAM |
| Attorney at Law | Attorney at Law | Attorney at Law |
| RUDOY FLECK | 3828 Carson Street, | Raskin Gorham Andersen Law |
| 11145 Tampa Avenue, Suite 15A | Suite 100 | 9336 W. Washington Boulevard, Building  C |
| Porter Ranch, CA 91326 | Torrance, CA 90503 | Culver City, CA 90232 |
| *Attorney for Plaintiffs* | *Attorney for Defendants* | *Attorney for Defendants* |
| Tel: (818) 416-3088 | Tel: (310) 303-7950 | Tel: (310) 202-5544 |
| Fax (818) 475-4379 | Fax (310) 316-0324 | Fax (310) 202-5540 |
| marty@rudoyfleck.com | learlaw@earthlink.net | GGorham@raskinlawllp.com |

Service information continued on attached page:  **None**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

March 21, 2016        Rebekah Parker        *Rebekah Parker*

# EXHIBIT 1

## *Notice of Removal filed with Superior Court*

*Included State Court Complaint attached thereto as Exhibit A*

1 | REBEKAH PARKER SBN 143674
4225-H Oceanside Boulevard #369
2 | Oceanside CA, 92056-3472
Telephone No. (213) 687-1145
3
Special Bankruptcy Counsel for Defendants
4 | John LaCorte and Better World JL Institute

CONFORMED COPY
Superior Court of California
County Of Los Angeles

MAR 14 2016

Sherri R. Carter, Executive Officer/Clerk
By: Paul So, Deputy

5

6 |                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
                            COUNTY OF LOS ANGELES
7 |                            CENTRAL DISTRICT

8

9 | HAMID SAHRANAVARD, HAMID            ) Case NO. BC 562307
    SAHRANAVARD dba H&M TRADING.        )
10 |                                     ) Judge: Hon. RITA MILLER
                  Plaintiff.            ) Dept.: 16
11 |                                     )
            v.                          )
12 |                                     )
                                        ) NOTICE OF REMOVAL OF TO U.S.
13 | BETTER WORLD INSTITUTE aka          ) BANKRUPTCY COURT FOR CENTRAL
    BETTER WORLD JL INSTITUTE,          ) DISTRICT OF CALIFORNIA PURSUANT TO
14 | ITALIAN HISTORICAL SOCIETY OF       ) 28 U.S.C. $1334(e) ON THE GROUND
    AMERICA, JOHN J. LACORTE, FRANK    ) THAT THE TRANSFERS OR FUNDS THAT
15 | SORRENTION, AND Does 1 through     ) PLAINTIFF SEEKS TO RECOVER MAY
    100, Inclusive.                    ) CONSTITUTE PROPERTY OF THE ESTATE
16 |                                     ) IN THE MATTER OF MOHAMMAD REZA
                                        ) SAHRANAVARD, BANKRUPTCY CASE NO.
17 |                 Defendants.         ) 1:10-bk-11390-MT.
18 |                                     )
                                        )
19 | _____)

20

21 | ALL PARTIES OF RECORD AND THEIR ATTORNEYS OF RECORD:

22 |      NOTICE IS HEREBY GIVEN THAT Defendants John LaCorte and Better

23 | World JL Institute herein remove the above captioned civil

24 | proceeding, HAMID SAHRANAVARD, HAMID SAHRANAVARD dba H&M TRADING v.

25 | BETTER WORLD INSTITUTE et al, Case No. Case BC 562307, pending

NOTICE OF REMOVAL OF TO U.S. BANKRUPTCY COURT PURSUANT TO 28 U.S.C. §1334(e)

before Judge Hon. Rita Miller, in Department 16 of the Superior Court for the State of California, County of Los Angeles, Central District, to the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division.

**NOTICE IS HEREBY GIVEN THAT** Defendants John LaCorte and Better World JL Institute herein remove this action pursuant to 28 U.S.C. §1334(e) on the ground that the funds, transfers, or monies that Plaintiff Hamid Sahranavard herein seeks to recover may constitute property of the Estate IN MATTER OF MOHAMMAD REZA SAHRANAVARD, Bankruptcy Case No. 1:10-bk-11390-MT, and as such are under the exclusive jurisdiction of the United States Bankruptcy Court pursuant to 28 U.S.C. §1334(e). Attached hereto as Exhibit A is a copy of the civil action being removed and attached hereto as Exhibit B is a Certified Copy of the Bankruptcy Petition IN MATTER OF MOHAMMAD REZA SAHRANAVARD creating or giving rise to Bankruptcy Court jurisdiction.


Date: March 11, 2016


_____
Rebekah Parker,
Special Bankruptcy Counsel for
Defendants John LaCorte and Better World JL Institute

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this civil action.  My business  address is: 4225-H Oceanside Boulevard #369, Oceanside CA, 92056-3472

A true and correct copy of the foregoing document described as, **NOTICE OF REMOVAL OF TO U.S. BANKRUPTCY COURT FOR CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §1334(e) ON THE GROUND THAT THE TRANSFERS OR FUNDS THAT PLAINTIFF SEEKS TO RECOVER MAY CONSTITUTE PROPERTY OF THE ESTATE IN THE MATTER OF MOHAMMAD REZA SAHRANAVARD, BANKRUPTCY CASE NO. 1:10-bk-11390-MT** has or will be served in the manner indicated below:

**SERVED BY FEDERAL EXPRESS and E-Mail:** March 11, 2016, I served the following person(s) and/or entity(ies) at the last known address(es) in this matter by placing a true and correct copy thereof in a sealed envelope by overnight courier via Federal Express addressed as follows.

| | | |
|---|---|---|
| MARTIN S. RUDOY | SHERRY ANNE LEAR | GARY J. GORHAM |
| Attorney at Law | Attorney at Law | Attorney at Law |
| RUDOY FLECK | 3828 Carson Street, | Raskin Gorham Andersen Law |
| 11145 Tampa Avenue, Suite 15A | Suite 100 | 9336 W. Washington Boulevard, Building  C |
| Porter Ranch, CA 91326 | Torrance, CA 90503 | Culver City, CA 90232 |
| | | |
| *Attorney for Plaintiffs* | *Attorney for Defendants* | *Attorney for Defendants* |
| Tel: (818) 416-3088 | Tel: (310) 303-7950 | Tel: (310) 202-5544 |
| Fax (818) 475-4379 | Fax (310) 316-0324 | Fax (310) 202-5540 |
| marty@rudoyfleck.com | learlaw@earthlink.net | GGorham@raskinlawllp.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

March 11, 2016

Rebekah Parker

NOTICE OF REMOVAL OF TO U.S. BANKRUPTCY COURT PURSUANT TO 28 U.S.C. §1334(e)

# Exhibit A

Copy of Civil Action Removed

Hamid Sahranavard  v. Better World Institute et al
*Case No BC 562307*

1  Kathleen M. Neumann (SBN 147947)
   **LAW OFFICES OF KATHLEEN NEUMANN**
2  2625 Townsgate Road, Suite 330
   Westlake Village, California 91361
3  Tel: 818-789-2784
   Fax: 818-638-1467
4

5  Attorneys for Plaintiff HAMID SAHRANAVARD
   an individual, and dba H & M TRADING
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES-CENTRAL DISTRICT

10

11  HAMID SAHRANAVARD, HAMID                    Case No.  BC562307
    SAHRANAVARD dba H & M TRADING,
12                                              *Judge:  Honorable Rita Miller*
                                                *Dept.   16*
13
                                                **SECOND AMENDED COMPLAINT FOR
14              Plaintiffs,                      BREACH OF CONTRACT, COMMON
                                                COUNTS, FRAUD, UNJUST
15      v.                                      ENRICHMENT, AIDING AND
                                                ABETTING**
16  BETTER WORLD INSTITUTE aka
    BETTER WORLD JL INSTITUTE,
17  ITALIAN HISTORICAL SOCIETY OF
    AMERICA, JOHN J. LACORTE, FRANK
18  SORRENTINO, and Does 1 through 100,
    inclusive,
19

20              Defendants.

21

22       COMES NOW plaintiff HAMID SAHRANAVARD, an individual, and dba H & M

23  TRADING, and alleges:

24                        GENERAL ALLEGATIONS

25       1.      At all times relevant herein Plaintiff Hamid Sahranavard was an individual,

26  residing in the County of Los Angeles, State of California, and doing business as H & M Trading.

27  (hereinafter Plaintiff)

28

4211.121                              1
                        SECOND AMENDED COMPLAINT

2.    At all times relevant herein, Defendant John LaCorte (hereinafter LaCorte) was an individual, residing in the County of Los Angeles, State of California.  At all times relevant herein, LaCorte maintained a residence address at 3837 Bluff Street, Torrance, California 90505. At all times relevant herein, Defendant Frank Sorrentino (hereinafter Sorrentino) conducted business activities, as herein described, in concert with LaCorte and other defendants, within the County of Los Angeles, State of California.

3.    At all times relevant herein, defendants Better World Institute aka Better World JL Institute (hereinafter BWI) and Italian Historical Society of America (hereinafter IHSA) were organizations doing business in the County of Los Angeles, State of California.  At all times relevant herein, Defendants BWI and IHSA maintained a business address at and conducted business activities from 3837 Bluff Street, Torrance, California 90505. LaCorte was at all times president of both BWI and IHSA.  Sorrentino was at all times relevant herein Chief Financial Officer and Treasurer of both BWI and IHSA.

4.    Plaintiff is informed and believes and based thereon alleges that each of the Defendants designated as DOES 1 through 100, inclusive, are in some way responsible for the injuries and damages sustained by Plaintiff herein.  The true names or capacities, whether individual, corporate, associate or otherwise of Defendants, DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will ask leave of Court to amend this Complaint to show their true names and capacities when the same have been ascertained.

5.    Plaintiff is informed and believes, and thereon alleges that each of the Defendants designated as a DOE is negligently, consciously, recklessly, intentionally or otherwise tortuously or legally responsible in some manner for the events and the happenings herein referred to, and legally, directly and proximately thereby caused the injuries, losses, and damages to Plaintiff as hereinafter further alleged.  Plaintiff will amend this Complaint to allege the true names and capacities of the said Doe Defendants when the same have been ascertained.

6.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, and each of them were and now are business entities or individuals,

4211.121

2

SECOND AMENDED COMPLAINT

LAW OFFICES OF KATHLEEN M. NEUMANN
ATTORNEYS AT LAW

LAW OFFICES OF KATHLEEN M. NEUMANN
ATTORNEYS AT LAW

1 | partnerships, corporations or other types of organizations, duly organized and existing under and

2 | by virtue of the laws of some state in the United States, that said Defendants, and each of them,

3 | were, and now are residing in or duly authorized to transact business in the County of Los

4 | Angeles, State of California.

5 |   7.   Plaintiff is informed and believes and thereon alleges that at all times herein

6 | mentioned each of the Defendants, whether specifically named or designated as a DOE, were the

7 | alter-ego of each remaining Defendant, and that each of the Defendants were the actual and

8 | ostensible agents, managing agents, employees, servants, partners, joint venturers, and

9 | participants with all other Defendants, and with each other, and in doing the things hereinafter

10 | mentioned, were acting as agents, employees, servants, partners, joint venturers, co-conspirators,

11 | and with the consent and permission of the Co-Defendants, and each of them, within the course

12 | and scope of said agency, joint venture, authority and employment with the express or implied

13 | knowledge, permission, authorization, acquiescence and ratification of each remaining named and

14 | Doe Defendant, for the purpose of committing torts and any and all other wrongs against Plaintiff.

15 |   8.   Plaintiff is informed and believes and based thereon alleges that at all times

16 | mentioned herein, that certain Defendants were in fact and ultimate reality the agents, principals,

17 | partners, associates, joint venturers, employees and/or co-conspirators of certain Co-Defendants;

18 | that certain Defendants were at all times acting within the course, purpose and scope of said

19 | agency, partnership, association, joint venture employment and/or conspiracy; and that certain

20 | Defendants were acting with the authorization, permission and/or consent of certain Co-

21 | Defendants.

22 |   9.   Plaintiff is informed and believes and based thereon alleges that defendants herein,

23 | and each of them, acted in concert with each other, as a single, integrated entity; and/or as part of

24 | an ongoing joint venture, partnership or similar arrangement, in the State of California.  Plaintiff

25 | further alleges, on information and belief, that these defendants have essentially operated as alter-

26 | egos of each other.

27 |   10.   Plaintiff is informed and believes and based thereon alleges that at all times

28 | relevant herein defendant LaCorte was the president of BWI and IHSA.  Plaintiff is informed and

4211.121

3

believes and based thereon alleges that at all times relevant herein defendant SORRENTINO was Chief Financial Officer and Treasurer of BWI and IHSA. Plaintiff is informed and believes and based thereon alleges that at all times relevant herein, DOES 1 through 15, were agents, officers, directors, and/or board members of BWI and IHSA. More specifically, at all relevant times, said defendants were managing agents of BWI and IHSA. All acts and omissions conducted by said defendants were approved, consented to and ratified by all other defendants.

11. Plaintiff is informed and believes and based thereon alleges that, at all times relevant herein defendants LaCorte and Sorrentino, had such unity of interest and ownership of BWI and IHSA that the separate personalities of the corporation and individual no longer existed, and that BWI and IHSA were used by LaCorte and Sorrentino merely to implement and perpetrate a fraud, by creating the appearance that the corporations were involved in charitable activities with millions of dollars in funds, when in fact, millions of dollars had been diverted by LaCorte and Sorrentino for their own personal benefit in the year 2008, and thereafter, BWI was taking loans from individuals such as plaintiff, and diverting those funds for the personal benefit of LaCorte and Sorrentino as well, never even disclosing said funds in any annual filings. Upon information and belief, IHSA existed solely for the purpose of funneling funds from BWI, so that if the books of BWI were ever examined it would have the appearance that it was supporting another charitable organization (IHSA), when in reality, the two charitable organizations merely transferred funds back and forth, or to their own officers, with the funds ultimately ending up for the benefit of LaCorte and Sorrentino.

12. Upon information and belief, LaCorte and Sorrentino used the assets of BWI and IHSA for their personal use and caused the assets of BWI and IHSA to be transferred to LaCorte and Sorrentino without adequate consideration, and LaCorte and Sorrentino used the bank account of BWI as their personal account, with almost all funds going to support their personal expenses.

13. Upon information and belief, LaCorte and Sorrentino used BWI and IHSA as a mere shell, instrumentality, and/or conduit from which defendants LaCorte and Sorrentino carried on their own wrongful conduct, including taking loans from people for their personal use, with no

4211.121

SECOND AMENDED COMPLAINT

LAW OFFICES OF KATHLEEN M. NEUMANN
ATTORNEYS AT LAW

1   intention of paying them back.  Defendants LaCorte and Sorrentino carried out these activities

2   without the required holding of directors or officers meetings, and no regular records or minutes

3   of any corporate proceedings were maintained; instead, LaCorte and Sorrentino  fabricated

4   minutes and other corporate documents at will, depending on who they were trying to get money

5   from, and what they wanted to represent to that person.

6         14.    Defendants DOES 16 through 30, inclusive, are individuals or entities who were

7   engaged by the other Defendants herein to manage or handle some aspect of the events alleged

8   herein.

9         15.    In the year 2010, plaintiff Sahranavard had been a long time associate of defendant

10   LaCorte's.  Over the years, LaCorte had often told Sahranavard about LaCorte's charitable

11   activities.  Sahranavard believed over the years that LaCorte lived off a family trust fund, and that

12   LaCorte spent his time engaging in philanthropic activities which included the administration of

13   two charitable family trusts.  Sahranavard also knew defendant Sorrentino, through LaCorte.

14   Sahranavard knew that both LaCorte and Sorrentino were directors of both charities, BWI and

15   IHSA, and believed that LaCorte and Sorrentino administered the charities together.

16         16.    On January 12, 2010, at a personal meeting in downtown Los Angeles, which took

17   place at LaCorte's business office, located at 3660 South Hill Street, Los Angeles, CA  90007, at

18   around noon, LaCorte and Sorrentino told Sahranavard that BWI and IHSA, which had millions

19   of dollars in assets, were experiencing a cash flow problem, because BWI had millions of dollars

20   tied up in real estate transactions which were taking a little longer than expected to conclude.

21   LaCorte and Sorrentino told Sahranavard that BWI and IHSA worked together to provide funds

22   for the needy and destitute in the inner cities of Los Angeles and New York.  LaCorte and

23   Sorrentino told Sahranavard that in addition to providing direct financial assistance to specific

24   individuals and families in need, both BWI and IHSA also provided financial support to a number

25   of other charities, including the Better World Fund, Modest Needs, God's Love We Deliver, A

26   Better Chance, WhyHunger, Covenant House, Seeds of Peace, and others.  (While LaCorte and

27   Sorrentino did not make the preceding statements in unison, each one of them repeated the

28   essence of the preceding statements at this meeting, using slightly different language.  It was clear

4211.121

5

LAW OFFICES OF KATHLEEN M. NEUMANN
ATTORNEYS AT LAW

1  to Plaintiff that LaCorte and Sorrentino each agreed and joined in with each preceding statement
2  made by the other.) LaCorte and Sorrentino showed Sahranavard many documents, including
3  purported "minutes" of board meetings of BWI which seemed to support their statements.
4  (Minutes of Board Meetings of June 9, 2009, and July 28, 2010, provided to Sahranavard by
5  LaCorte and Sorrentino are attached hereto as Exhibit "1")  At this same meeting, LaCorte told
6  Sahranavard that there were lives of people at stake, because they relied on the charitable
7  assistance provided to them by BWI and IHSA, as well as through the other above named
8  organizations supported by BWI and IHSA.  LaCorte and Sorrentino further told Sahranavard that
9  BWI and IHSA were in desperate need of short term loans, in order to meet their monthly support
10  obligations, and that any amount that Sahranavard could loan to the organizations would be
11  returned to Sahranavard as soon as one of the real estate transactions in which BWI and IHSA
12  were tied up in, concluded.  (While LaCorte and Sorrentino did not make the preceding
13  statements in unison, each one of them repeated the essence of the preceding statements at this
14  meeting, using slightly different language.  It was clear to Plaintiff that LaCorte and Sorrentino
15  each agreed and joined in with each preceding statement made by the other.)

16      17.    Sahranavard believed LaCorte and Sorrentino, and in light of the charitable
17  activitites he believed they were involved in, Sahranavard agreed to loan them whatever he could,
18  free of interest, as long as defendants returned his money as soon as defendants' real estate
19  investments paid the expected returns.  LaCorte and Sorrentino told Sahranavard to make all
20  checks payable to BWI as that was the main organization that received all funds on behalf of both
21  charities.

22      18.    Between February 10, 2010 and January 24, 2011, Sahranavard loaned defendants
23  a total of $53,000.00, consisting of 21 checks made payable to BWI.  (Attached as Exhibit 2 are
24  copies of 21 checks from plaintiff to BWI)  Throughout this time period, defendants continued to
25  reassure Plaintiff that his money would be returned as soon as defendants' real estate transactions
26  concluded.

27      19.    Thereafter, Defendants used additional delay tactics.  For example, when
28  Sahranavard asked LaCorte in 2012, if Sahranavard could at least have a small portion of his

4211.121

6

LAW OFFICES OF KATHLEEN M. NEUMANN
ATTORNEYS AT LAW

money back, LaCorte told Sahranavard that he could not locate copies of all the papework he needed the paperwork to put in a request for payment, and could Sahranavard give LaCorte a list of his checks and the amounts. Sahranavard complied and provided the requested list of checks to LaCorte on April 9 2011. (Attached as Exhibit 3) After some further delay tactics, LaCorte told Sahranavard that he still could not locate all of the paperwork, because he needed the actual dates each check was given to defendants, in order to search defendants' records. Sahranavard once again complied on May 4, 2012, and gave LaCorte another list of all of his checks, including the specific date of each check. (Attached as Exhibit 4) Thereafter, LaCorte assured Sahranavard that as soon as any funds became available, even a small amount, Sahranavard would be first in line to get paid. Sahranavad never received any payments, and each time he asked, he was told that defendants' funds were still tied up, but that the transactions would be concluded shortly. LaCorte repeated this statement to Sahranavard in response to Sahranavard's repeated inquiries numerous times between 2012 and 2014.

20.      On September 18, 2014, a long time partner of defendant LaCorte's, Monica Contreras ("Contreras"), who had also been victimized by defendants, turned over documents to Sahranavard that traced defendants' wrongful conduct going back years. Said documents showed that in the year 2008, millions of dollars had all of a sudden disappeared from defendants' charities, and never returned. The documents further showed that after LaCorte and Sorrentino had depleted the funds from both charities in 2008, they had simply begun forging documents, including minutes, independent audits, disclosures, etc., in order to give the appearance to unsuspecting individuals such as Plaintiff that the charities in fact still had assets in the millions of dollars. As an example, attached as Exhibit 5 is defendant BWI's true annual filing for the year 2008 that shows over two million dollars was diverted by LaCorte and Sorrentino to their own personal benefit in the year 2008 alone. As another example, attached as Exhibit 6 is copy of defendant BWI's true annual filing for the year 2010 which lists as total operating incoming revenue from any source the amount of $21,028.00. (During this year alone, plaintiff had loaned defendants the amount of $48,000.00, which defendants simply took for their own benefit.) The documents provided to Plaintiff by Contreras further showed that in fact as of the year 2012,

4211.121

7

1  defendants' accountant, Richard Girasole, had had his C.P.A. license revoked due to fraudulent

2  filings and audits for clients, yet that same accountant had continued to prepare defendants'

3  annual disclosures and audits through the year 2014.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

### (Against All Defendants)

21.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 20, inclusive, of this pleading, as though fully set forth herein.

22.    In 2010 and 2011, Plaintiffs loaned Defendants the amount of $53,000.00.

23.    Defendants promised to repay Plaintiff's funds, but thereafter failed to do so. The agreement between Plaintiff and Defendants was verbal, although supported by writings including, but not limited to canceled checks, and minutes of corporate meetings utilized by defendants herein, which minutes were later discovered to have been fabricated and false.

24.    Defendants have not repaid any portion of said loan, and continue to fail to do so.

25.    At all times relevant herein Plaintiffs satisfied all conditions or obligations required of them or were excused from so performing.

26.    As a legal result of Defendants' breaches, Plaintiff suffered injury and harm as set forth herein.

## SECOND CAUSE OF ACTION – COMMON COUNTS

### (Against All Defendants)

27.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 26, inclusive, of this pleading, as though fully set forth herein.

28.    Defendants became indebted to Plaintiff for money that was due and payable to Plaintiff within the last four years, for sums lent to Defendants by Plaintiff at Defendants' request, and for funds paid, laid out and expended to or for Defendants at Defendants' special instance and request. Within the last four years, an account was stated in writing by and between Plaintiff and Defendants in which it was agreed that Defendants were indebted to Plaintiff.

29.    The sum of $53,000.00 paid to Defendants by Plaintiff remains due and unpaid despite Plaintiff's demands for repayment.

LAW OFFICES OF KATHLEEN M. NEUMANN
ATTORNEYS AT LAW

4211.121

8

SECOND AMENDED COMPLAINT

## THIRD CAUSE OF ACTION - FRAUD

(Against All Defendants)

30.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 29, inclusive, of this pleading, as though fully set forth herein.

31.    In January 2010, as specifically outlined above, Defendants induced Plaintiff to loan Defendants the sum of $53,000.00, by making specific false representations as stated above.

32.    Defendants' entire representations to Plaintiff, as recited above, were not true. In 2014, Plaintiff discovered that despite Defendants stringing Plaintiff along with promises of repayment, Defendants never had any intention of returning any of Plaintiff's funds, that contrary to Defendants' representations, Defendants had no investments, and that Defendants had induced other individuals to loan Defendants money by making the same misrepresentations, without ever returning any funds. Defendants further discovered that in fact there were no pressing charitable monthly obligations as represented by Defendants, but that Defendants routinely made these same representations to others in order to obtain loans which they then used for their own personal benefit.

33.    At all times relevant herein, any and all representations made by Defendants were regarded by Plaintiff as representations of fact.

34.    Defendants made the misrepresentations and concealed material facts as set forth above with the intent to defraud Plaintiff.

35.    Defendants' representations as set forth above, were false and Defendants knew same were false when the representations were made.

36.    Conversely, Plaintiffs was unaware of the falsity of Defendants' representations. Plaintiff specifically acted in reliance on the representations (and the concealment of material facts), and was reasonable and justified in his reliance. Had Plaintiff known the true facts as set forth above, Plaintiff would never have relied upon Defendants' representations and Plaintiff would never have loaned Defendants the sum of $53,000.00. Defendants engaged in fraud (misrepresentations and concealment of material facts) both before and after inducing Plaintiff to

1    enter into above-mentioned agreements and transactions with Defendants. Defendants' fraud was

2    in the inducement and in the performance.

3        37.    As a legal result of the acts and omissions of Defendants described within this

4    Complaint, Plaintiff suffered injury and damage, according to proof.

5        38.    Defendants' actions were malicious, oppressive, and/or fraudulent, and Defendants

6    should be liable for punitive damages.

7        39.    At all relevant times, Defendants, and each of them, knowingly and willingly,

8    conspired and agreed among themselves to commit the fraudulent acts, as described in this

9    Complaint.

10       FOURTH CAUSE OF ACTION - AIDING AND ABETTING

11            (Against All Defendants)

12       40.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1

13   through 39, inclusive, of this pleading, as though fully set forth herein.

14       41.    Each Defendant herein had knowledge of the wrongful actions of each of the other

15   Defendants herein, as described hereinabove.

16       42.    Defendants herein, and each of them, substantially assisted each of the other

17   Defendants in doing the wrongful actions, as described hereinabove.

18       43.    As a legal result of Defendants' actions, Plaintiffs suffered injury and harm as set

19   forth in this Complaint.

20       44.    As a direct and proximate result of Defendants' actions, Plaintiff has sustained

21   damage, according to proof.

22       45.    Defendants' actions were malicious, oppressive, and/or fraudulent, and Defendants

23   should be liable for punitive damages.

24       FIFTH CAUSE OF ACTION – UNJUST ENRICHMENT

25            (Against All Defendants)

26       46.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 45

27   above, as though fully set forth herein.

28

LAW OFFICES OF KATHLEEN M. NEUMANN
ATTORNEYS AT LAW

4211.121

10

SECOND AMENDED COMPLAINT

47.  Defendants have been unjustly enriched by the monies that are rightfully Plaintiff's, as described above.

48.  Accordingly, Plaintiff seeks restitution, compensation, reimbursement, indemnification, and reparation for benefits derived from, and/or for loss or injury caused to Plaintiff, to avoid unjust enrichment.

49.  At all times relevant herein, and in doing each of the acts above-mentioned, defendants, and each of them, conspired with each other to do the acts outlined above, so that the activities of one co-defendant is attributable to all.  Defendants' actions were malicious, oppressive, and/or fraudulent, and Defendants should be liable for punitive damages.

WHEREFORE, Plaintiff prays for the following relief:

1.  Special damages according to proof;

2.  General damages according to proof;

3.  Punitive and exemplary damages according to proof;

4.  Interest, as allowed by law;

5.  Attorneys Fees, as allowed by law;

6.  Costs incurred herein;

7.  Such other legal and equitable relief as the Court deems just and proper; and

8.  Restitution.

Respectfully submitted,

Dated: May 9, 2015                    LAW OFFICES OF KATHLEEN M. NEUMANN

By: _____
KATHLEEN M. NEUMANN
Attorney for Plaintiff

LAW OFFICES OF KATHLEEN M. NEUMANN
ATTORNEYS AT LAW

# Exhibit B

Certified Copy of Bankruptcy Petition

<u>IN MATTER OF MOHAMMAD REZA SAHRANAVARD</u>,
*Bankruptcy Case No. 1:10-bk-11390-MT*



UNITED STATES BANKRUPTCY COURT - CENTRAL DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## Central District of California

I hereby attest and certify that on    MAR - 7 2016    the attached reproduction(s),

containing     3     pages, is a full, true and correct copy of the complete document

entitled:     Voluntary Petition

_____

Case #: 1:10-bk-11390-MT         Doc #:    1

which includes:  ☐ Exhibits   ☐ Attachments

on file in my office and in my legal custody at the marked location:

☐ 255 E. Temple Street, Suite 940          ☐ 3420 Twelfth Street, Suite 125
Los Angeles, CA  90012                        Riverside, CA  92501-3819

☐ 411 West 4th Street, Suite 2074          ☐ 1415 State Street
Santa Ana, CA  92701-4593                     Santa Barbara, CA  93101-2511

☒ 21041 Burbank Boulevard
Woodland Hills, CA  91367

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
Deputy Clerk

## THIS <u>CERTIFICATION</u> IS VALID ONLY WITH THE
## UNITED STATES BANKRUPTCY COURT SEAL.

*Revised August 2010*

Official Form 1 (1/08)

| United States Bankruptcy Court<br>**CENTRAL** DISTRICT OF **CALIFORNIA** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>*Sahranavard, Mohammad Reza* | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>*NONE* | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): *8523* | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>*3409 Camino De La Cumbre*<br>*Sherman Oaks CA*<br>ZIPCODE *91423* | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIPCODE |
| County of Residence or of the<br>Principal Place of Business: | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>*SAME*<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): *NOT APPLICABLE* ZIPCODE | |

**Type of Debtor** (Form of organization)
(Check **one** box.)

- [X] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (if debtor is not one of the above entities, check this box and state type of entity below)

**Nature of Business**
(Check **one** box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [X] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- [X] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"
- [ ] Debts are primarily business debts.

**Chapter 11 Debtors:**

**Check one box:**
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

**Check all applicable boxes:**
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee** (Check one box)

- [X] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**FILED**

**FEB - 8 2010**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> *Sahranavard* |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: Fov Corporation, M.R.S, Inc. <br> **Central District (Los Angeles)** | Case Number: <br> **2:09-bk-36868-BR** | Date Filed: discharged <br> **10-02-09** |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: <br> ***NONE*** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** <br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11) <br><br> ☐ Exhibit A is attached and made a part of this petition | **Exhibit B** <br> (To be completed if debtor is an individual <br> whose debts are primarily consumer debts) <br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b). <br> **X** <br> _____  *2/8/2010* <br> Signature of Attorney for Debtor(s)                     Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | *Sahranavard* |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| **X** _____<br><sub>Signature of Debtor</sub><br><br>**X** _____<br><sub>Signature of Joint Debtor</sub><br><br>_____<br><sub>Telephone Number (if not represented by attorney)</sub><br><br>*2/8/2010*<br><sub>Date</sub> | X _____<br><sub>(Signature of Foreign Representative)</sub><br><br>_____<br><sub>(Printed name of Foreign Representative)</sub><br><br>*2/8/2010*<br><sub>(Date)</sub> |

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| **X** _____<br><sub>Signature of Attorney for Debtor(s)</sub><br><br>_____<br><sub>Printed Name of Attorney for Debtor(s)</sub><br><br>_____<br><sub>Firm Name</sub><br><br>_____<br><sub>Address</sub><br><br>_____<br><br>_____<br><sub>Telephone Number</sub><br><br>_____<br><sub>Date</sub><br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address |

| **Signature of Debtor (Corporation/Partnership)** | X _____ |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>**X** _____<br><sub>Signature of Authorized Individual</sub><br><br>_____<br><sub>Printed Name of Authorized Individual</sub><br><br>_____<br><sub>Title of Authorized Individual</sub><br><br>*2/8/2010*<br><sub>Date</sub> | _____<br><sub>Date</sub><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |